## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PAUL A. TATEM,

    Petitioner,

    v.

DENISE A. GELSINGER,
MARYLAND ATTORNEY GENERAL,

    Respondent.

Civil Action No.:  PX-18-2986

## MEMORANDUM OPINION

Paul A. Tatem brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction in Wicomico County Circuit Court for possessing a firearm by a disqualified person.  ECF No. 1-1 at 3-4.  The Petition is ready for resolution and no hearing is necessary.  *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000).  For the following reasons, the Court denies the Petition and declines to issue a certificate of appealability.

## I.    Background

In February 2015, Petitioner Tatem stood trial in the Circuit Court for Wicomico County on an eighteen-count indictment in connection with the murder and robbery of Donald Mariner. Evidence introduced at trial established that Mariner had been clubbed to death with a baseball bat and several items had been taken from his home, including firearms.  ECF No. 4-2 at 197-209; 210-237; 238-263; 266-287. Mariner's housemate, Creston Pumphrey, testified that he had been awakened by sounds coming from Mariner's bedroom.  *Id*. at 92-93.  Pumphrey headed to Mariner's bedroom to check on him when someone hit him with a bat.  *Id*. at 96. Pumphrey was

overpowered and retreated to his room where the perpetrator continued to hit him. *Id*. at 97-99. Pumphrey testified that the assailant had been wearing a "full mask" and hooded sweatshirt, such that Pumphrey could not see his face. *Id*. at 100-101. Pumphrey was seriously injured and Mariner was pronounced dead at the scene. ECF No. 4-2 at 281-283.

Several items had been taken from the residence, including television sets, handguns and Mariner's black Ford F150 truck. Walter Brinson testified that after the incident, Tatem had brought two television sets and handguns to his house. ECF No. 4-3 at 172-85. Tatem also told police that an acquaintance, Brian Miles, asked to borrow a rain poncho from Tatem because he [Miles] "had a job to do." Tatum also admitted that he and Miles "went down to the Nanticoke area and actually fired the handguns" stolen from Mr. Mariner's home. ECF No. 4-6 at 208; 210.

At the close of the state's case, Tatem moved for judgment of acquittal on all counts. Related to the firearm offense, the State responded that sufficient evidence supported the charge because Tatum, by his own admission, had possessed a firearm when he went to Nanticoke to fire the guns. ECF No. 4-6 at 298. Tatem also had stipulated that he had a prior disqualifying conviction. ECF No. 4-6 at 268-69.

The jury acquitted Tatem on all counts except for unlawful possession of a firearm. ECF No. 4-1 at 86. The Circuit court sentenced Tatem to serve 15 years imprisonment, the first five without the possibility of parole. ECF No. 4-5 at 49. The Court also sentenced Tatum to a thirteen-year sentence for violating his probation, to be served consecutively to the sentence for the firearm offense . *Id*. at 50.

Tatem appealed his conviction to the Maryland Court of Special Appeals, arguing that he had been denied a fair trial because a law enforcement witness had referred to Tatem's criminal history. ECF 4-1 at 50-51. Tatem also argued that because the jury acquitted him on all charges

related to the home invasion, no evidence supported that he had possessed the firearms taken from the home. *Id*. The Court of Special Appeals affirmed Tatem's conviction. *See Paul Tatem v. State of Maryland*, No. 0286 (unreported, Sept. Term, 2015, March 10, 2016).

On April 25, 2016, Tatem petitioned the Circuit Court for post-conviction relief. ECF No. 4-1 at 101-4. Proceeding pro se, Tatem originally argued that his trial counsel was ineffective for failing to object to the prosecutor's reference in closing argument to the firearm offense as "separate from the homicide." *Id*. at 103. Tatem's post-conviction counsel amended the petition, adding that Tatem's due process rights had been violated because the State had withheld exculpatory evidence and that trial counsel had been ineffective for failing to move for modification of sentence pursuant to Md. Rule 4-345(e). ECF No. 4-1 at 102-13. The Circuit Court denied relief on all claims in a written opinion filed on August 8, 2017. ECF 4-1 at 115-122.

Tatem did not seek leave to appeal the denial of post-conviction relief. Rather, Tatum moved to reopen post-conviction proceedings on August 21, 2017, to bring new claims of ineffectiveness of counsel. ECF No. 4-1 at 123-30. The motion was denied on August 24, 2017. *Id*. at 134. On October 16, 2017, Tatem next applied for leave to appeal the denial of post-conviction relief on October 16, 2017, but the petition was dismissed as untimely. ECF No. 4-1 at 135-39, 141.

On January 26, 2018, Tatem moved again to reopen his post-conviction proceedings. ECF No. 4-1 at 144-50. The State opposed the motion and it was again denied. *Id*. at 151-3. On February 22, 2018, Tatem filed an application for leave to appeal the denial of his motion to reopen. *Id*. at 154-59. The Court of Special Appeals denied that application on May 24, 2018. *Id*. at 160-62. Tatem filed the petition before this Court on September 27, 2018.

3

## II.    Standard of Review

"The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge." *Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (internal marks and citations omitted).  Accordingly, this Court may grant a petition for a writ of habeas corpus to address violations of the United States Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018) *see Wilson v. Corcoran*, 562 U.S. 1, 1 (2010); *Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009).  In so doing, the Court gives "considerable deference to the state court decision," and may not grant habeas relief unless the state court arrived at a "'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nicolas v. Att'y Gen. of Md.*, 820 F.3d 124, 129 (4th Cir. 2016) (quoting 28 U.S.C. § 2254(d)).  Further, this Court "must presume that the state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence," and "cannot disturb the state court's ruling simply because it is incorrect; it must also be unreasonable." *Id.*

A state court decision is contrary to established federal law when the court arrived at a conclusion at odds with a decision of the United States Supreme Court on a question of law, or confronted facts "materially indistinguishable from a relevant Supreme Court" decision, but nevertheless arrived at a contrary result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005); *Barnes v. Joyner*, 751 F.3d 229, 238 (4th Cir. 2014). The Court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or

incorrectly." *Lovitt*, 403 F.3d at 178 (quoting *Williams*, 529 U.S. at 411).   Rather, the Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."   *Barnes*, 751 F.3d at 238 (quoting *White v. Woodall*, 572 U.S. 415, 419–20 (2014)).

## III.    Analysis

### A.    Procedural Default

Before a federal court may reach the merits of a habeas petition, petitioner must have exhausted his state court remedies by raising the claim at every stage, through to the highest state court with jurisdiction to hear it. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim in post-conviction petition); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).   Failure to do so renders the claim procedurally defaulted, thus preventing this Court from reaching the merits.

A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).   As the United States Court of Appeals for the Fourth Circuit has explained, "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998), citing *Coleman*, 501 U.S. at 731-32. Under Maryland law, "an allegation of error is waived when a petitioner could have made,

intelligently and knowingly failed to make the allegation . . . in a prior [post-conviction] petition."
Md. Code Ann., Crim. Proc. § 7-106(b).   A rebuttable presumption exists that this waiver is
knowingly and intelligent.  *Id.* at § 7-106(b)(2).

Respondents assert that Tatem procedurally defaulted his third claim that trial counsel was
ineffective for failing to object to the State's closing argument because the application for leave to
appeal was untimely.  ECF No. 4 at 31-36; *see also* ECF No. 4-1 at 111 (claims asserted on post-
conviction).   Respondents concede that Tatem raised the claim in his initial post-conviction
petition, but the court had not addressed it, but that Tatem failed to preserve the claim in his
application for leave to appeal.  ECF No. 4-1 at 103); ECF No. 4-1 at 137   His second application
for leave to appeal was denied as untimely.  ECF No. 4-1 at 141.

### B.     Ineffective Assistance of Counsel

Every accused enjoys the Sixth Amendment right to "the effective assistance of counsel."
*Garza v. Idaho*, 139 S. Ct. 738, 743-44 (2019) (citing *Strickland v. Washington*, 466 U.S. 668, 686
(1984)).   Challenges to the effectiveness of counsel are reviewed under the standard set forth in
*Strickland*, which provides that a petitioner must demonstrate both that his counsel's performance
was deficient, and that the deficient performance prejudiced his defense.  *Strickland,* 466 U.S. at
687.    A strong presumption of adequacy attaches to counsel's conduct such that a petitioner
alleging ineffective assistance must show that the proceeding was rendered fundamentally unfair
due to counsel's errors.  *Id.* at 689, 700.  "A fair assessment of attorney performance requires
that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the
circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's
perspective at the time."  *Id.* at 689.

In the context of a *Strickland* claim previously litigated in state court, a petitioner also must show that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).  "State court findings of fact made in the course of deciding an ineffectiveness claim" are presumptively correct. *Strickland*, 446 U.S. at 698; *see also* 28 U.S.C. § 2254(e)(1).   A petitioner must rebut this presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted).   "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Id*.

Tatem presents three ineffective assistance claims against his trial counsel.  ECF No. 1-1 at 3-4.  Each are addressed below.

### i.     Failure to object to state's argument

Tatem first argues that his trial counsel was ineffective for failing to object to the State's argument that the jury could separately convict Tatem on the firearm possession alone, and as an offense "separate" from the home invasion and homicide counts.  ECF No. 1-1 at 3.  Tatem raised a similar claim in his post-conviction petition in which he argued against the State's reference to the firearm offense as "separate" from the homicide offense.  ECF No. 4-1 at 102-3; 116.  In rejecting Tatum's argument, the state post-conviction court reasoned that although the State's theory of the case "contemplated" Tatem's "participation in the home invasion," adequate independent evidence justified the firearm's conviction and more pointedly, the State's argument.

ECF 4-1 at 118-19 (footnote omitted).  Further, because the evidence and the jury's conviction were consistent with the charge itself, no error occurred.  *Id.*

Likewise, this Court cannot find that trial counsel's failure to object to legitimate argument based on the evidence constitutes ineffective assistance.  *Strickland*, 466 U.S. at 694.  The failure to object appears wholly warranted, and simply does not support that counsel erred.  But even if counsel had erred, Tatem has not established that any such objection would have changed the outcome of the proceedings.  *See Horne v. Peyton*, 356 F.2d 631 (4th Cir. 1966).  Thus, on this record, the Court must deny relief on Tatem's ineffectiveness claim.

### ii. Failure to request a supplemental jury instructions

Tatem next faults trial counsel for failing to ask for a jury instruction on the "separate" firearm offense once the jury submitted questions during deliberations.  ECF No. 1-1 at 4.  The jury first asked to listen again to a 911 call already in evidence.  ECF No. 4-6 at 436-8.  They next asked for clarification on "charge number 16 [theft of property]?  Did Paul [Tatem] have to physically take the items from the residence or could he be just possession of it?"  *Id.* at 438.  While the Court was conferring with counsel on the proper response for the second question, the bailiff informed the court that the jury had reached a verdict.  *Id.* at 443.  Accordingly, the trial concluded before any supplemental instruction could be asked for or given.

Tatem nonetheless presses that the jury questions presented an opportunity for counsel to seek supplemental instruction that, essentially, Tatum could not be conviction of the firearm possession offense if he was acquitted of the homicide related charges.  But this premise is fundamentally flawed.  As discussed, independent evidence supported that Tatem had possessed the firearms after the homicide occurred.  *See* ECF No. 4-3 at 172-85; ECF No. 4-6 at 211-12.  By

extension then, any failure to ask for a supplemental instruction on the "separate" nature of the "two" charged firearm offenses cannot support an ineffectiveness claim.

### iii.   Failure to object to the introduction of "other crimes evidence"

Lastly, Tatem asserts that his counsel was ineffective for failing to object to the State's reference in closing to "other crimes" evidence of the homicide, in violation of Maryland Rule 5-404. ECF NO. 1 at 149.  Again because the evidence and the State's theory of the case was that the home invasion and firearm possession were very much intertwined, counsel's failure to lodge such an objection does not constitute ineffective assistance of counsel.  Federal habeas relief on this claim must also denied.

## IV.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted).

Tatem has not made the requisite showing.  Accordingly, the Court declines to issue a certificate of appealability.  Tatem may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition is denied.  A separate Order follows.

_____10/5/2020_____                    _____/S/_____
Date                                       Paula Xinis
                                           United States District Judge